UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AVERY DENNISON CORPORATION** | ) | CASE NO.: |
| 8080 Norton Pkwy. | ) | |
| Mentor, OH 44060 | ) | JUDGE |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | <u>COMPLAINT</u> |
| | ) | |
| **CATAPULT PRINT AND** | ) | |
| **PACKAGING LLC** | ) | **JURY TRIAL DEMANDED** |
| 5945 Hazeltine National Dr. | ) | |
| Orlando, FL 32822 | ) | |
| | ) | |
| *Defendant.* | ) | |

Plaintiff Avery Dennison Corporation ("Avery Dennison"), for its Complaint against

Defendant Catapult Print and Packaging LLC ("Catapult" or "Defendant"), alleges and states the

following:

**<u>PARTIES</u>**

1.  Avery Dennison is a Delaware corporation with its principal place of business located

at 8080 Norton Parkway, Mentor, Ohio.

2.  Defendant Catapult is a Florida limited liability company with its principal place of

business in Orlando, Florida.

**<u>JURISDICTION AND VENUE</u>**

3.  Avery Dennison has diligently searched public records to determine the membership

of Defendant limited liability company to ascertain Defendant's citizenship. *See Lincoln Benefit*

*Life Co., v. AEI Life, LLC*, 800 F.3d 99, 110-11(3d Cir. 2015).  However, it has not been able to

ascertain the identity of each of the members.

1

4.   On information and belief, none of Defendant's members are a citizen of Ohio or Delaware.

5.   As a result, Avery Dennison and Defendant are citizens of separate states and complete diversity exists between the parties and the jurisdictional diversity of jurisdiction requirement is satisfied.

6.   The Court has jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity of citizenship exists.

7.   Personal jurisdiction over Catapult is proper in Ohio and this District because Catapult transacted business in Ohio with Avery Dennison and participated in business negotiations at Avery Dennison's Mentor, Ohio headquarters.

8.   Specifically, there were regular and consistent communications between Catapult in Florida and Avery Dennison in Ohio for purposes of ordering, purchasing, and paying for the labeling materials ordered by Catapult from Avery Dennison.

9.   Representatives of Catapult regularly communicated by phone and email with representatives of Avery Dennison in Ohio for purposes of transacting business. In fact, representatives of Catapult have traveled to Ohio, including as recently as October of 2024 to discuss the parties' business relationship and conduct further business.

10. Venue is proper in this District pursuant to 28 U.S.C.§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the District.

### FACTUAL BACKGROUND

11. Between September 10, 2024 and December 23, 2024, Catapult issued a series of purchase orders (the "Purchase Orders") to Avery Dennison to purchase labeling materials (the "Products").

12. Avery Dennison shipped the Products requested in the Purchase Orders to Catapult and invoiced Catapult accordingly (the "Invoices"). A true and accurate Statement of Account is attached hereto as **EXHIBIT A**[1].

13. Each of the Invoices incorporated Avery Dennison's Terms and Conditions.  A true and accurate copy of Avery Dennison's Terms and Conditions are attached hereto as **EXHIBIT B.**

14. Avery Dennison completely performed its obligations under the Purchase Orders and Terms and Conditions (collectively referred to as the "Agreements") and during the course of such performance, Avery Dennison furnished and supplied the Products to Catapult.

15. Avery Dennison regularly submitted Invoices to Catapult for the Products furnished under the Purchase Orders.

16. Avery Dennison satisfied all conditions precedent for full payment under the Purchase Orders.

17. To date, Catapult has failed to fully pay Avery Dennison for the Products that Avery Dennison provided to Catapult.

18. Avery Dennison is owed in excess of $2,176,556.09 for the Products it provided to Catapult. *See* **EXHIBIT A.**

---

[1] Copies of the invoices are not attached to the Complaint due to their voluminous nature, but Avery Dennison will make them available upon request.

19. Despite demands for payment, Catapult, without justification or excuse, failed or refused to pay Avery Dennison an amount in excess of $2,176,556.09, plus interest and reasonable attorneys' fees pursuant to the Agreements.

## COUNT ONE
## (Breach of Contract)

20. Avery Dennison incorporates the previous paragraphs 1 through 19 by reference as if fully rewritten.

21. Catapult has failed to make full payment under the terms of the Agreements and, as a result, has breached the Agreements.

22. Avery Dennison fully performed and satisfied its obligations under the Agreements by delivering the Products to Catapult under the terms of the Agreements.

23. As a direct and proximate result of Catapult's breach of the Agreements, Avery Dennison has been damaged in excess of $2,176,556.09, plus interest and the costs of this action, all in an amount to be established more particularly at trial.

## COUNT TWO
## (Unjust Enrichment)

24. Avery Dennison incorporates the previous paragraphs 1 through 23 by reference as if fully rewritten.

25. Catapult has benefited and has been unjustly enriched, to Avery Dennison's detriment, by virtue of the Products that Avery Dennison provided to Catapult.

26. The value of the benefits conferred on Catapult is in excess of $2,176,556.09, plus interest and costs according to law.

27. Catapult has not fully paid Avery Dennison for the Products and is liable to Avery Dennison in an amount in excess of $2,176,556.09, plus interest and costs according to law.

WHEREFORE, Plaintiff Avery Dennison Corporation respectfully requests this Court to enter judgment in its favor and against Catapult Print and Packaging LLC in an amount in excess of $2,176,556.09, plus interest and the costs of this action, all to be established more particularly at trial, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,


/s/ *Kelly C. Bokoch*
Christopher C. Koehler  (0059384)
Kelly C. Bokoch  (0086525)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
216-515-1660 – Telephone
216-515-1650 – Facsimile
ckoehler@frantzward.com
kbokoch@frantzward.com
*Attorneys for Plaintiff*
*Avery Dennison Corporation*